UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Barry Campbell, James Smaardyk,
Joseph Willingham, and Willingham, Inc.,

      Plaintiffs,

v.                                                                      Civil No. 08-5806 (JNE/JSM)
                                                                        ORDER
American Family Life Assurance Company of
Columbus, Inc., and Aflac, Inc.,

      Defendants.

---

Gregg Corwin, Esq., Gregg M. Corwin & Associates Law Office, P.C., appeared for Plaintiffs
Barry Campbell, James Smaardyk, Joseph Willingham, and Willingham, Inc.

R. Steve Ensor, Esq., Alston & Bird LLP, appeared for American Family Life Assurance
Company of Columbus.

---

After an arbitration panel dismissed their claims arising out of the termination of their

state sales coordinator agreements with American Family Life Assurance Company of Columbus

(AFLAC),[1] Barry Campbell, James Smaardyk, Joseph Willingham, and Willingham, Inc.,

(collectively, Plaintiffs) moved to vacate the arbitration awards. *See* 9 U.S.C. § 10(a) (2006).

For the reasons set forth below, the Court denies Plaintiffs' motion.

## I.    BACKGROUND

AFLAC sells insurance to individuals and businesses.  Its sales hierarchy includes state

sales coordinators.  Within a state, the state sales coordinator is responsible for all recruiting,

---

[1]     According to AFLAC, the case caption incorrectly names the defendants.  AFLAC
asserts that there is no entity named American Family Life Assurance Company of Columbus,
Inc.  AFLAC also asserts that Aflac, Inc., was not the entity with whom Plaintiffs entered into
contracts and that Aflac, Inc., was not involved in the arbitration at issue in this case.

training, and sales.  The state sales coordinator oversees a number of regional sales coordinators, a greater number of district sales coordinators, and hundreds or thousands of sales agents.

Plaintiffs were state sales coordinators for AFLAC.  The state sales coordinator agreements between Plaintiffs and AFLAC included a provision that allowed either party to the agreement to terminate it upon 30 days' written notice to the other party.  In 2006 and 2007, AFLAC terminated Plaintiffs' state sales coordinator agreements.

Claiming that AFLAC violated an unwritten "two-year rule" by terminating their state sales coordinator agreements, Plaintiffs sought arbitration.  According to Plaintiffs, the two-year rule provides that AFLAC will not terminate a state sales coordinator agreement unless the state sales coordinator failed to meet yearly sales targets for two consecutive years.  Granting AFLAC's motions for summary judgment, the arbitration panel dismissed Plaintiffs' claims arising out of AFLAC's termination of their state sales coordinator agreements.  Plaintiffs now seek to vacate the arbitration awards in favor of AFLAC.

## II.    DISCUSSION

Plaintiffs assert that the arbitration awards in favor of AFLAC should be vacated because the arbitrators refused to hear evidence pertinent and material to the controversy.  *See* 9 U.S.C. § 10(a)(3).  Plaintiffs also assert that the awards should be vacated because the arbitrators exceeded their powers.  *See id.* § 10(a)(4).  The Court considers Plaintiffs' arguments in turn.

## A.    Refused to hear evidence

A district court may vacate an arbitration award where "the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy."  *Id.* § 10(a)(3).  In this case, Plaintiffs contend that the arbitrators refused to hear evidence pertinent and material to the controversy by granting AFLAC's motion for summary judgment instead of

conducting an evidentiary hearing.  Before addressing Plaintiffs' specific contentions, the Court

briefly reviews the proceedings before the arbitrators.

In January 2008, Plaintiffs submitted demands for arbitration to JAMS.  The parties then

executed stipulations for arbitration in which they agreed to "submit all disputes, claims or

controversies to neutral, binding arbitration at JAMS, pursuant to the JAMS Arbitration

Administrative Policies and, unless otherwise agreed in writing by the parties, to the applicable

Commercial Arbitration Rules of the American Arbitration Association."  In April 2008, the

chair of the three-person arbitration panel issued scheduling orders that acknowledged AFLAC's

intention to file motions for summary disposition, required AFLAC to file the motions by August

29, 2008, and required Plaintiffs to respond within fourteen days of service.  Between April and

August 2008, the parties conducted discovery.

On August 29, 2008, after the close of discovery, AFLAC moved for summary judgment.

Acknowledging that all inferences must be drawn in favor of the non-moving party, AFLAC

argued that no genuine issues of material fact existed and that Plaintiffs' claims had no merit.  In

response, Plaintiffs acknowledged that AFLAC had correctly stated the standard for summary

judgment.  They nevertheless argued that a presumption against granting summary judgment in

arbitration exists:

> AFLAC's Motion for Summary Judgment largely lays out the correct
> summary judgment standard.  Summary judgment is appropriate when there are
> no genuine issues of material fact.  The panel must view the evidence "in the light
> most favorable to the nonmovant, to determine whether a genuine issue of
> material fact exists and whether the moving party was entitled to judgment as a
> matter of law."
>
> It is also important to note that this light is even more favorable in the
> arbitration context.  Recent scholarship has confirmed the presumption that
> claimants should receive a hearing, and that arbitrators have a greater ability to
> grant equitable remedies than do the courts. . . .  It is important to note that there
> is a presumption against granting motions for summary judgment in arbitration
> proceedings, since the "ethos of arbitration is to proceed to a hearing and to

> discourage if not prohibit motions to dismiss or summary judgments before
> claimants have presented their case."

(Citations omitted.)  Plaintiffs proceeded to argue that they were employees of AFLAC, that they had contractual relationships with AFLAC without regard to their employment status, that their contractual relationships were modified by oral agreements to incorporate the two-year rule, and that the two-year rule was an enforceable promise even if it was not an oral contract.  With the permission of the chair of the arbitration panel, AFLAC submitted a reply brief.

On September 24, 2008, the chair of the arbitration panel informed the parties of the panel's availability to hear oral argument on October 1, 2008, and asked the parties to inform him if they did not want oral argument.  Plaintiffs' counsel responded, "In light of the voluminous briefs, exhibits and affidavits and your decision to allow AFLAC a reply brief, I see no reason for oral arguments."  AFLAC expressed its desire for oral argument.  A telephonic hearing on AFLAC's motions took place on October 1.  Later that day, the chair informed the parties that the panel had decided to grant AFLAC's motions and that formal, written awards would issue within ten days.  On October 6, 2008, the arbitration panel issued its awards in favor of AFLAC.  The final paragraph of the awards states:

> It may be understandable that Claimant hoped to have a contract that could only be terminated for illegal conduct or failure to achieve goals for two successive years, and it may be that [AFLAC] encouraged such a hope.  But that result would require too much of the contract to be read out of existence, including the specific grounds for immediate termination enumerated in paragraph 17(b).  Claimant has not made a sufficient evidentiary showing to permit such a result, taking as true what he has offered and giving him the benefit of all inference.  Nor has he sufficiently demonstrated how the law could permit such a result on the undisputed material facts.  [AFLAC] on the other hand has cited law that entitles it to prevail on the undisputed material facts of the case, and it would be unfair to all concerned to devote the time, energy, and money required for a full blown hearing in this case, when the applicable law would demand the same result reached here.  Claimant is awarded nothing and his claim is dismissed.

Having reviewed the arbitration proceedings, the Court turns to Plaintiffs' contentions.

Except in cases where a claim is deficient on its face, Plaintiffs argue for a prohibition against the grant of summary judgment in arbitration governed by the Federal Arbitration Act and the American Arbitration Association's Commercial Arbitration Rules, which neither permit nor prohibit motions for summary judgment. As examples of facially deficient claims, Plaintiffs identify claims barred by res judicata, collateral estoppel, waiver, or a statute of limitations. AFLAC contends that an arbitrator's grant of summary judgment does not constitute misconduct under section 10(a)(3).

Plaintiffs rely heavily on an unpublished opinion of the United States District Court for the District of Columbia, *Chem-Met Co. v. Metaland International, Inc.*, No. Civ. A. 96-2548, 1998 WL 35272368 (D.D.C. Mar. 25, 1998). The arbitration at issue in *Chem-Met* was governed by the American Arbitration Association's Commercial Arbitration Rules, and the arbitrators decided the case on summary judgment. 1998 WL 35272368, at *1-2. Chem-Met Co. moved to vacate the award on the ground that the arbitrators had refused to hear material evidence by using summary judgment to decide the case. *Id.* at *2. "[R]ecognizing the need for flexibility in arbitration," the district court regarded "a full opportunity to present [a] case at a hearing on the evidence" to be a "bedrock principle" of arbitration. *Id.* at *4. Concluding that the arbitrators had failed to hear material evidence by deciding the case on summary judgment, the district court vacated the award. *Id.* at *4-5.

Plaintiffs also rely on *Sherrock Bros. v. DaimlerChrysler Motors Co.*, 465 F. Supp. 2d 384 (M.D. Pa. 2006), *aff'd*, 260 F. App'x 497 (3d Cir. 2008). In that case, the petitioner argued that an arbitration panel's use of summary judgment constituted a refusal to hear evidence. *Sherrock Bros.*, 465 F. Supp. 2d at 394. The petitioner relied on *Chem-Met*, but the Middle District of Pennsylvania found *Chem-Met* "inapposite to the case *sub judice* because, here, the

doctrines of res judicata, collateral estoppel and waiver preclude [the petitioner's] claims." *Id.*

Rejecting the assertion that the arbitration panel had refused to hear evidence by granting

summary judgment, the Middle District of Pennsylvania denied the petition to vacate and

confirmed the arbitration award. *Id.* at 394-95.  On appeal, the Third Circuit affirmed the Middle

District of Pennsylvania and rejected the reasoning of *Chem-Met*:

> Sherrock also argues that the arbitration panel majority abused and exceeded its powers under 9 U.S.C. § 10(a)(3), (4) in disposing of Sherrock's arbitration demand by means of summary judgment.  In support of this assertion, Sherrock primarily relies on an unpublished decision of the United States District Court for the District of Columbia and argues that the FAA and the American Arbitration Association (AAA) Commercial Arbitration Rules governing this dispute . . . require an evidentiary hearing. . . .
>
> . . . .
>
> Although the AAA Commercial Arbitration Rules do not specifically provide for motions for summary disposition, they do grant the arbitrator flexibility and discretion.  Accordingly, federal courts have affirmed arbitration awards where the arbitrator ruled on a motion for summary judgment or on summary disposition.  Moreover, "[e]xcept where prohibited by the plain and express terms of the submission, an arbitrator is empowered to grant *any* relief reasonably fitting and necessary to a final determination of the matter submitted to him, including legal and equitable relief."  Granting summary judgment surely falls within this standard, and fundamental fairness is not implicated by an arbitration panel's decision to forego an evidentiary hearing because of its conclusion that there were no genuine issues of material fact in dispute.  An evidentiary hearing will not be required just to find out whether real issues surface in a case.  Therefore, this Court finds that the panel majority did not deny Sherrock a fundamentally fair hearing, and thus did not engage in misconduct under 9 U.S.C. § 10(a)(3).

*Sherrock Bros. v. DaimlerChrysler Motors Co.*, 260 F. App'x 497, 501-02 (3d Cir. 2008)

(citations and footnote omitted); *see Louisiana D. Brown 1992 Irrevocable Trust v. Peabody*

*Coal Co.*, 205 F.3d 1340 (6th Cir. 2000) (unpublished table decision) ("Arbitration may proceed

summarily and with restricted inquiry into factual issues."); *Scott v. Prudential Sec., Inc.*, 141

F.3d 1007, 1017 (11th Cir. 1998) (noting that the Federal Arbitration Act permits arbitration to

proceed with a summary hearing and restricted inquiry into factual issues).

Neither Plaintiffs nor AFLAC has cited an opinion of the Eighth Circuit that addresses whether summary judgment is permissible in arbitration governed by the Federal Arbitration Act and the American Arbitration Association's Commercial Arbitration Rules when based on grounds other than res judicata, collateral estoppel, waiver, or a statute of limitations.[2]  The Eighth Circuit has concluded that an arbitrator may grant a motion for summary disposition on the basis of res judicata in arbitration governed by the Federal Arbitration Act.  *Hudson v. ConAgra Poultry Co.*, 484 F.3d 496, 504 (8th Cir. 2007) ("It is true that the arbitrators did not hear evidence relating to the substance of the Hudsons' tort claims, but it would make little sense for the arbitration panel to hear such evidence if it had already determined that such claims were barred by res judicata.").  In general, courts "leave procedural issues for the arbitrators to decide."  *Dow Corning Corp. v. Safety Nat'l Cas. Corp.*, 335 F.3d 742, 749 (8th Cir. 2003); *see Titan Wheel Corp. of Iowa v. Local 2048, Int'l Ass'n of Machinists*, 253 F.3d 1118, 1120 (8th Cir. 2001) ("Unless the parties explicitly agree otherwise, questions of procedure such as this one are submitted to the arbitrator along with the merits of the dispute.").  The procedure employed must give each party "the opportunity to present its arguments and evidence."  *El Dorado Sch. Dist. # 15 v. Cont'l Cas. Co.*, 247 F.3d 843, 848 (8th Cir. 2001).  As noted above, summary judgment is permissible in arbitration.  In moving for summary judgment or responding to a motion for summary judgment, a party may present arguments and evidence to the arbitrators.  Accordingly, the Court rejects Plaintiffs' blanket assertion that summary judgment in arbitration governed by the Federal Arbitration Act and the American Arbitration Association's

---

[2]      The Court is not persuaded by Plaintiffs' reliance on *Manion v. Nagin*, 392 F.3d 294 (8th Cir. 2004).  The arbitration proceedings at issue in that case were "extended and extensive, covering over a week's time for hearings which were documented in nearly two thousand pages of transcript."  *Manion*, 392 F.3d at 299 n.4.

Commercial Arbitration Rules is impermissible except in cases where the claim is barred by res judicata, collateral estoppel, waiver, or a statute of limitations.

AFLAC also contends that Plaintiffs waived any objections to the arbitrators' use of summary judgment.  The Court agrees.  "The parties to an arbitration may waive procedural defects by failing to bring such issues to the arbitrator's attention in time to cure the defects." *Bhd. of Locomotive Eng'rs Int'l Union v. Union Pac. R.R.*, 134 F.3d 1325, 1331 (8th Cir. 1998); *see Delta Mine Holding Co. v. AFC Coal Props., Inc.*, 280 F.3d 815, 821 (8th Cir. 2001) ("Even when a neutral arbitrator is challenged for evident partiality, the issue is deemed waived unless the objecting party raised it to the arbitration panel."); *Nat'l Post Office Mailhandlers Div. v. United States Postal Serv.*, 751 F.2d 834, 841 n.4 (6th Cir. 1985) ("Parties to an arbitration may, of course, be held to have waived their objections if they do not bring certain issues to the attention of the arbitrator while there is still an opportunity to rectify the alleged errors . . . ."). Here, Plaintiffs knew in April 2008, when the scheduling orders issued, of AFLAC's intention to move for summary judgment.  Of course, Plaintiffs would not have known then whether the motion would be made on the grounds of res judicata, collateral estoppel, waiver, or a statute of limitations, but AFLAC actually moved for summary judgment in August 2008.  Plaintiffs did not respond with an assertion that the arbitrators could not entertain the motions.  Rather, they acknowledged that AFLAC had correctly stated the standard for summary judgment, asserted that the light in which the arbitrators must view the evidence was even more favorable to Plaintiffs in arbitration than in litigation, argued that a presumption against summary judgment exists in arbitration, and disputed the merits of AFLAC's motions.  After AFLAC replied, Plaintiffs saw no need for a hearing "[i]n light of the voluminous briefs, exhibits and affidavits." Plaintiffs also noted that the scheduling order required the arbitrators to decide AFLAC's

motions by October 1, 2008, and expressed concern that oral argument would delay the decision. Thus, before the telephonic hearing, Plaintiffs did not preserve their objection to summary judgment in arbitration.

Plaintiffs contend that they timely objected during the telephonic hearing.  No transcript of the hearing exists, and the parties dispute the arguments raised by Plaintiffs.  According to Plaintiffs' unsworn assertions, Plaintiffs argued that summary judgment in arbitration is inappropriate, that the rules of the American Arbitration Association do not allow for summary judgment, that those rules require a hearing on the merits, and that summary judgment should rarely, if ever, be granted in arbitration.  AFLAC counters that Plaintiffs argued not that AFLAC could not move for summary judgment but that the arbitrators should not grant AFLAC's motions.  The Court has no idea what happened in the telephonic conference, but on the facts that are before it, the Court concludes that Plaintiffs failed to preserve their objection to the arbitrators' use of summary judgment.

Even if Plaintiffs' objection to the arbitrators' use of summary judgment was not subject to waiver, Plaintiffs point to no evidence that they were not allowed to submit to the arbitrators. The arbitrators, after all, said that the law would not permit, on the undisputed facts, the result sought by Plaintiffs and that it would be unfair to all concerned to have a hearing.  Plaintiffs identify no witness whose testimony, if undermined during live examination, would have altered the arbitrators' analysis.  That they did not do so indicates that what they seek is a blanket prohibition, subject to very limited exceptions, against summary judgment in arbitration.  For the reasons set forth above, the Court rejects this proposition.  *See Sherrock Bros.*, 260 F. App'x at 502 ("An evidentiary hearing will not be required just to find out whether real issues surface in a case.").

In short, Plaintiffs were afforded an opportunity to present arguments and evidence to the arbitrators, and they have not demonstrated any prejudice resulting from the arbitrators' use of summary judgment. *See El Dorado*, 247 F.3d at 848 ("To constitute misconduct requiring vacation of an award, an error in the arbitrator's determination 'must be one that is not simply an error of law, but which so affects the rights of a party that it may be said that he was deprived of a fair hearing.'" (quoting *Grahams Serv. Inc. v. Teamsters Local 975*, 700 F.2d 420, 422 (8th Cir. 1982))). The Court therefore denies Plaintiffs' motion insofar as Plaintiffs assert that the arbitrators were guilty of misconduct in refusing to hear evidence pertinent and material to the controversy.

**B.      Exceeded powers**

A district court may vacate an arbitration award "where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). Plaintiffs contend that the arbitrators exceeded their powers because the chair of the arbitration panel was not appointed pursuant to the terms of the parties' agreements to arbitrate. *See id.* § 5 ("If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed . . . ."); *Crawford Group, Inc. v. Holekamp*, 543 F.3d 971, 976 (8th Cir. 2008) ("Arbitrators exceed their powers if, *inter alia*, the method of their appointment provided in the agreement has not been followed.").

Here, the parties' agreements to arbitrate required each Plaintiff to name an arbitrator when filing his demand for arbitration, AFLAC to name a second arbitrator within five days of receiving the demand, and, at the request of either party, either the Senior Judge or the Chief Judge of the Superior Court of Muscogee County, Georgia, to appoint a neutral, third arbitrator. If the Senior Judge or the Chief Judge failed to do so, then the American Arbitration Association

was empowered to name the neutral, third arbitrator.  As arbitrators, Plaintiffs and AFLAC

named Michael Hurley and W.G. Scrantom, Jr., respectively.  The third arbitrator was not

appointed in the manner specified in the parties' agreements to arbitrate.  Instead, after agreeing

to appoint F. Carlton King, Jr., as the neutral, third arbitrator, the parties executed stipulations for

arbitration that provided in part:  "Parties agree that Michael Hurley shall serve as a non-neutral

arbitrator for the Claimant, William G. Scrantom, Jr., shall serve as a non-neutral arbitrator for

[AFLAC] and F. Carlton King, Jr., shall serv[e] as the third neutral arbitrator and Chairperson in

this matter."  Having stipulated to name the neutral, third arbitrator in a manner other than that

specified in their agreements to arbitrate with AFLAC, Plaintiffs cannot now claim that the

arbitrators exceeded their authority on the ground that the third arbitrator's appointment did not

take place in the manner specified in the parties' agreements to arbitrate.  *See Brook v. Peak

Int'l, Ltd.*, 294 F.3d 668, 673-74 (5th Cir. 2002) ("[W]here federal courts vacated arbitration

awards because of irregularities in the process for selecting arbitrators, the complaining party

preserved its objection during the arbitration proceeding."); *York Research Corp. v. Landgarten*,

927 F.2d 119, 122 (2d Cir. 1991) (holding party waived objection to appointment of arbitrators

where party proceeded with arbitration without objection).  The Court therefore denies Plaintiffs'

motion insofar as Plaintiffs assert that the arbitrators exceeded their authority.

### III.   CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT

IS ORDERED THAT:

1.    Plaintiffs' Motion to Vacate Arbitration Award [Docket No. 1] is
      DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  April 14, 2009

                                        s/  Joan N. Ericksen
                                        JOAN N. ERICKSEN
                                        United States District Judge